IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MITCHELL HOFER,<br><br>Plaintiff,<br><br>vs.<br><br>BENNINGTON PUBLIC SCHOOL DISTRICT,<br><br>Defendant. | 8:24CV398<br><br>MEMORANDUM AND ORDER |

Plaintiff initiated this action on October 10, 2024, and the parties stipulated that Defendant would file an answer or other responsive pleading on or before December 4, 2024. (Filing No. 7). Plaintiff filed an amended complaint on November 19, 2024 (Filing No. 12) and Defendant filed a Motion to Dismiss on December 10, 2024. (Filing No. 13). All briefing on the Motion to Dismiss was complete by January 13, 2025. This case is now before the undersigned on Plaintiff's Motion for Leave to File a Second Amended Complaint filed on January 30, 2025. (Filing No. 25).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party may amend its pleading with opposing party's written consent or with leave of the court. The rule provides that "The court should freely give leave when justice so requires."

The Supreme Court has directed that "this mandate is to be heeded" as long as there is an "absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Eighth Circuit has repeatedly held that "[a]mendments [to pleadings] should be allowed with liberality." *Baptist Health v.*

1

*Smith,* 477 F.3d 540, 544 (8th Cir. 2007) (second alteration in original) (quoting *Chesnut v. St. Louis County*, 656 F.2d 343, 349 (8th Cir. 1981)). *Cont'l Cas. Co. v. Greater Omaha Packing Co., Inc.,* No. 8:14-CV-194, 2016 WL 11795814, at *1 (D. Neb. Jan. 15, 2016)

  Plaintiff asserts the motion to amend was motivated by a "misunderstanding about what information was in possession of Plaintiff's counsel" after his previous counsel could no longer represent him. (Filing No. 25). Plaintiff counsel asserts that the misunderstanding did not come to light until he reviewed the briefing on the motion to dismiss with his client. (Filing No. 28). Plaintiff does not seek to add claims, he only seeks to rearrange and add factual allegations to the "Pressure Campaign" section of the complaint. (*See* Filing No. 25-1).

  Defendant opposes the motion arguing Plaintiff improperly waited until the briefing on the motion to dismiss was complete before opting to file a motion to amend. Defendant argues a district court does not abuse its discretion by denying leave to amend where a plaintiff receives notice of the possible deficiencies in his complaint yet makes a tactical decision "to stand on and defend its original complaint." *Sevela v. Portfolio Recovery Assocs., LLC*, No. 8:18CV526, 2019 WL 2173738, at *2 (D. Neb. May 20, 2019). However, in *Sevela*, the plaintiff did not attempt to amend the complaint "until after the case [was] dismissed." *Id.* at *2. The circumstances are distinguishable from this case wherein the motion to dismiss was fully briefed for approximately two weeks before the motion to amend was filed. The court has carefully reviewed the proposed Second Amended Complaint and finds that amendment is not made in bad faith or with dilatory motive.

  Defendant argues it would be prejudiced by the filing of the Second Amended Complaint because of the cost expended in filing and briefing the previous motion to dismiss and the response to the motion to amend. Defendant's futility argument overlaps with the issues already before the court on the motion to amend. ("For the same reasons set forth in Defendant's opening and reply briefs in support of its motion to dismiss, Plaintiff still fails to state a Title IV discrimination claim." (Filing No. 26 at CM/ECF p. 5)). Because of the significant overlap with the issues previously raised in the motion to dismiss, and the general rule that amendments to the pleadings are to be liberally permitted, Plaintiff's motion to amend will be granted. Defendant is free to address any deficiencies it has identified in the plaintiff's Second Amended Complaint by utilizing the provisions in Fed. R. Civ. P. 12 or Fed. R. Civ. P. 56.

Accordingly,

IT IS ORDERED:

1) Plaintiff's motion for leave to file a Second Amended Complaint is granted. (Filing No. 25).

2) On or before March 13, 2025, Plaintiff shall file the proposed Second Amended Complaint as a separate document in this case. (*See* Filing No. 25-1).

Dated this 6th day of March, 2025.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge